**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-5171**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

GAVIN COLVIN, a/k/a Gouger,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:07-cr-00039-LHT-5)

_____

Submitted:  September 29, 2009    Decided:  November 24, 2009

_____

Before MICHAEL, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles R. Brewer, Asheville, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his conviction for conspiracy to distribute and dispense methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(a)(A)(viii) (West Supp. 2009), and 21 U.S.C. § 846 (2006), Gavin Colvin noted his appeal. He contends that the district court erred by limiting his cross-examination of the Government's witnesses, and by allowing the investigating officer to testify as to statements made by the Government's witnesses prior to the trial. Finding no error, we affirm Colvin's conviction.

While cross-examining Colvin's co-conspirators who were testifying on behalf of the Government, Colvin asked about their plea agreements and any benefits they sought to obtain by pleading guilty and cooperating with the Government. Two other Government witnesses had not been indicted on federal charges with respect to this conspiracy, but had state charges pending against them. Colvin cross-examined these witnesses to expose any motive they had to fabricate testimony. During cross-examination of the Government's witnesses, Colvin asked several questions to which the court sustained the Government's objections. These questions concerned irrelevant matters or the witnesses' discussions with their lawyers, and were properly curtailed by the district court. See Fed. R. Evid. 501; United States v. Moody, 923 F.2d 341, 352 (5th Cir. 1991).

2

Further, in light of the extensive inquiry Colvin conducted concerning the witnesses' potential motives for cooperating, the limitations imposed by the district court did not violate Colvin's Sixth Amendment right of confrontation. See Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). We find no abuse of discretion by the district court not allowing the inquiry into privileged areas. See United States v. Young, 248 F.3d 260, 266 (4th Cir. 2001).

Colvin also contends that the district court erroneously allowed Task Force Officer Burrell to testify as to prior, out-of-court statements made by the Government's witnesses. He asserts that the statements were admitted in violation of Fed. R. Evid. 801(d)(1).

Pursuant to Rule 801(d)(1)(B), a statement is not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Fed. R. Evid. 801(d)(1)(B). The statement, however, must have been made before the declarant had a motive to fabricate. See United States v. Henderson, 717 F.2d 135, 138 (4th Cir. 1983); see also Tome v. United States, 513 U.S. 150, 158, 167 (1995) (holding that the out-of-court

3

statement "must have been made before the alleged influence, or motive to fabricate, arose").

Colvin lodged several objections to Burrell's testimony about statements the Government witnesses made to him during his investigation, but before any charges were filed in this case. The court overruled the objections, finding that the statements constituted prior consistent statements that were admitted to rebut Colvin's implied claim that the witnesses fabricated their testimony for the purpose of obtaining lesser sentences. We have reviewed the record and find that the district court did not abuse its discretion in allowing Burrell's testimony as to the Government's witnesses' prior, out-of-court statements, which were consistent with their trial testimony, and which were made before the motive to fabricate arose. Accordingly, we affirm the district court's ruling and therefore affirm Colvin's conviction.

We deny Colvin's motions to file supplemental briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4